**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andy Gonzalez, | No. CV-24-00315-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| David Chase, et al., | |
| Defendants. | |

On June 25, 2024, Plaintiff Andy Gonzalez filed a pro se Complaint alleging violations of his Third, Fourth, Fifth, and Fourteenth Amendment rights under the U.S. Constitution and 24 violations of his rights under the Arizona Constitution. (Doc. 1 at 3.) Plaintiff has also filed an Application to Proceed in Forma Pauperis (Doc. 2), and a Request for the Appointment of Counsel under the Sixth Amendment. (Doc. 3.) For the following reasons, the Court will dismiss Plaintiff's Complaint (Doc. 1) with leave to amend, grant Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2), and deny Plaintiff's Request for the Appointment of Counsel (Doc. 3).

## I.      In Forma Pauperis

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 § 1915(a)(1); LRCiv. 3.3. Review of Plaintiff's Application demonstrates that his modest living expenses exceed his limited income. Therefore, the Application to Proceed in Forma Pauperis will be granted.

//

## II.        Statutory Screening of IFP Complaint

In reviewing an in forma pauperis complaint, the Court must dismiss the case if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). District Court screening orders apply the same standard as applied to a Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See *Lopez*, 203 F.3d at 1127–29 (9th Cir. 2000).

### A.        Complaint

Plaintiff alleges violation of his Third, Fourth, Fifth and Fourteenth Amendment rights under the U.S. Constitution and 24 violations to the Arizona Constitution. (Doc. 1 at 3.) He names as Defendants: a Mammoth police officer, a school custodian in Mammoth, the State of Arizona, and "Arizona State Pima County." (*Id*. at 2-4.) The complaint fails to allege what each Defendant did to violate Plaintiff's constitutional rights. Although the Plaintiff states that the case involves "illegal search without a valid warrant and probable cause," (*Id*. at 3), he does not allege who conducted a search, where the search occurred, or how each Defendant was involved in the alleged unconstitutional conduct. Rule 8, Federal Rules of Civil Procedure, requires that a complaint contain a short and plain

statement of the claim showing that the pleader is entitled to relief. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff's complaint fails to include facts sufficient to state a claim and therefore will be dismissed.

In addition, Plaintiff cannot sue the State of Arizona in this action. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This is true regardless of whether the suit is bought against a state by its own citizens, by citizens of another state, or by citizens of another country. *Montana v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981).

### C.    Leave to Amend

The Court finds that dismissal with leave to amend is appropriate. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute as stated in *Akhtar v. Mesa*, 698 F.3d 1202 (2012) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal to permit Plaintiff to make an intelligent decision whether to file an Amended Complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). Furthermore, Plaintiff is advised that all causes of action alleged in the original Complaint which are not alleged in any Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

Any Amended Complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. An Amended Complaint must be clearly designated as an Amended Complaint on the face of the document and formatted in compliance with L.R.Civ 7.1. Plaintiff is advised that if an Amended Complaint fails to state a claim upon which relief can be granted, the Court will likely dismiss this action. Additionally, Plaintiff is advised that if he fails to timely comply

with every provision of this Order, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

## III.      Motion to Appoint Attorney

Plaintiff has also filed a Request of the Appointment of Counsel. (Doc. 2.) There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Further, Plaintiff has failed to allege enough facts for the Court to analyze whether he has shown that he is likely to succeed on the merits or that the issues presented are so complex that it's difficult for Plaintiff to articulate his claims. Thus, the Court will deny Plaintiff's motion to appoint counsel at this time.

Accordingly,

//

//

//

//

//

//

- 4 -

**IT IS ORDERED:**

(1)    Plaintiff's complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)    Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2) is **granted**. Plaintiff is not required to pay the filing fee.

(3)    Plaintiff's Request for Counsel (Doc. 3) is **denied without prejudice**.

(4)    If Plaintiff fails to file a first amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 27th day of June, 2024.

Jennifer G. Zipps
United States District Judge

- 5 -